UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
BERNARD WORTHY,                                    **FIRST AMENDED COMPLAINT**

                                                                        **16 cv 1451 (ALC)**

                                                                          **ECF Case**

                  Plaintiff,
        vs.

The CITY OF NEW YORK,
POLICE OFFICERS
CHRISTOPHER VILLANUEVA,
MICHAEL ORAPOLLO,
PAUL BLISS, and EUGENE DURANTE,
in their individual and official capacities,
                                                                    **JURY TRIAL DEMANDED**

                        Defendants.
-------------------------------------------------------------x

Plaintiff Bernard Worthy, by his attorney, Cyrus Joubin, complaining of the Defendants, respectfully alleges as follows:

## PRELIMINARY STATEMENT

1. This civil rights action arises from the First Amendment retaliation, false arrest, excessive force, and malicious prosecution of Bernard Worthy ("Plaintiff") after he tried speaking to his daughter in the presence of police officers. Plaintiff asserts constitutional claims pursuant to 42 U.S.C. § 1983 ("Section 1983") against the individual defendants for First Amendment retaliation, excessive force, false arrest and imprisonment, malicious prosecution, and failure to intervene, and a *Monell* claim against the City of New York for the same constitutional violations. Additionally, Plaintiff asserts analogous claims under New York Law against the individual defendants, and against the City of New York under the doctrine of *respondeat superior*. Plaintiff seeks

compensatory and punitive damages, costs, disbursements, and attorney's fees pursuant to applicable state and federal civil rights law.

## JURISDICTION

2.   This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 and the First and Fourth Amendments to the United States Constitution.  Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331, 1343 (a)(3) and (4), this being an action seeking redress for the violation of Plaintiff's constitutional and civil rights.

3.   Plaintiff further invokes this Court's supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over any and all state law claims and causes of action which derive from the same nucleus of operative facts and are part of the same case or controversy which gives rise to the federally based claims and causes of action.

## VENUE

4.   Venue is proper in the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1391(b) because the acts complained of occurred in this district.

## JURY DEMAND

5.   Plaintiff respectfully demands a trial by jury on each and every one of his claims as pled herein, pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6.    Plaintiff Bernard Worthy is a 36-year-old African-American male, with no criminal record; he is a United States citizen, and a resident of Manhattan.

7.    The individually named defendants Police Officer Christopher Villanueva (Shield # 9927) ("PO Villanueva"), Police Officer Michael Orapollo (Shield # 11203)

("PO Orapollo"), Police Officer Paul Bliss (Shield #11362) ("PO Bliss"), and Police Officer Eugene Durante (Shield #26702) ("PO Durante") (collectively, the "individual defendants") are and were at all times relevant herein officers, employees and agents of the New York City Police Department ("NYPD").

8. On the date of the incident giving rise to this complaint, the individual defendants were assigned to the 25th Precinct.

9. Each individual defendant is sued in his individual and official capacity. At all times mentioned herein, each individual defendant acted under the color of state law, in the capacity of an officer, employee, and agent of defendant City of New York ("Defendant City").

10. Defendant City is a municipality created and authorized under the laws of New York State. It is authorized by law to maintain, direct, and to supervise the NYPD, which acts as its law enforcement agent and for which it is ultimately responsible.

## NOTICE OF CLAIM

11. Plaintiff served a Notice of Claim on the Comptroller of the City of New York within ninety days of the incident. At least 30 days have elapsed since the service of the Notice of Claim, and adjustment and payment has been neglected or refused.

12. This action has been commenced within one year and ninety days after the occurrence of the event upon which the claims are based.

## STATEMENT OF FACTS

13. On the evening of November 10, 2014, Plaintiff was at home with his wife, Jana Merkel ("Ms. Merkel"), and their seven-year-old daughter, JWM, inside their apartment ("the Apartment") at 2200 Madison Avenue in Harlem, New York City.

14. That evening, after coming home from work, Plaintiff had a verbal argument with Ms. Merkel, who called 911 and claimed that Plaintiff had broken her cell phone.

15. Around 8 PM, about fifteen minutes after the phone call to the police, two uniformed NYPD officers – PO Orapollo and PO Villanueva – came to the Apartment.

16. Plaintiff opened the door for them and spoke to them in a calm and reasonable manner.

17. After speaking to Plaintiff and Ms. Merkel, PO Orapollo and PO Villanueva ordered Plaintiff to "take a walk around the block," so that the argument could cool down, and Plaintiff agreed to do so.

18. Plaintiff gathered some possessions and as he was about to leave the Apartment, JWM came into the living room – where PO Orapollo and PO Villanueva and Plaintiff were standing – to ask where her father was going.

19. Plaintiff said, "Daddy's going for a walk," and he tried to mollify the frightened girl, assuring her that he would soon be returning to the Apartment.

20. Plaintiff felt it was his duty as a father to explain this to his daughter so that she would not panic when he left.

21. PO Orapollo and PO Villanueva told Plaintiff to leave the Apartment right away, not to interact with his child, but Plaintiff responded, "You can clearly see I'm just talking to my child," and he continued talking to JWM.

22. The officers grabbed Plaintiff to arrest him and force him out of the Apartment.

23. Plaintiff, utterly confused by the officers' treatment, asked why he was being arrested, insisting he had done nothing wrong.

24. Then, without provocation, PO Villanueva and PO Orapollo pushed Plaintiff out of the Apartment and began spraying Plaintiff in his face with pepper spray, spraying it into Plaintiff's eyes, nose, mouth, in a continuous and voluminous stream.

25. As a result, Plaintiff gagged and choked, screamed and cried in pain.

26. Pushed into the hallway, Plaintiff was tackled by PO Villanueva and PO Orapollo and slammed into the ground, feeling blows to his body and face, one of which cut Plaintiff's lip.

27. The entire Apartment and hallway were filled with the pepper spray, and Plaintiff could hear his wife and daughter coughing. Fresh blood from Plaintiff's lips could be found on the hallway walls.

28. Several additional officers – including PO Bliss and PO Durante – joined PO Villanueva and PO Orapollo in grabbing, striking, and piling on top of Plaintiff inside the hallway.

29. The individual defendants handcuffed Plaintiff, and Plaintiff passed out in the hallway.

30. Plaintiff's neighbors opened their doors to see what was going on. The individual defendants screamed at them, "Get the fuck back in!"

31. Ms. Merkel went into the hallway, horrified, and said, "This isn't what I asked for," to which the officers responded, "This is what you wanted!"

32. Plaintiff was taken in an ambulance to Harlem Hospital, where he regained consciousness handcuffed to a hospital bed.

33. Because of his rough treatment at the hands of the individual defendants, Plaintiff suffered a split lip and swelling on his arms and legs.

34. Lacking health insurance, Plaintiff incurred about $1,000 of medical bills ($707 for the ambulance alone), the repayment of which he has not been able to afford.

35. After treatment at Harlem Hospital, Plaintiff was transported to the 25th Precinct, at 120 East 119th Street in Manhattan, where he was booked and processed, fingerprinted and photographed.

36. Plaintiff was then taken to Central Booking in lower Manhattan, where he was told that there no were charges ready to be filed and that he was required to go to Bellevue Hospital ("Bellevue").

37. Plaintiff was subsequently taken to Bellevue because the individual defendants falsely claimed that he was mentally disturbed, a fabrication intended to justify their violent treatment of him.

38. At Bellevue, Plaintiff was evaluated and released shortly thereafter. He was subsequently taken to Central Booking again.

39. While Plaintiff was in police custody, the individual defendants concocted criminal charges against Plaintiff, specifically the bogus story that Plaintiff used his daughter as a shield to resist arrest.

40. The individual defendants submitted the false criminal charges to the Manhattan District Attorney's office, which in turn charged Plaintiff with various misdemeanor offenses, including Endangering the Welfare of a Child, Criminal Mischief, Resisting Arrest, and Harassment.

41. On November 11, 2014, Plaintiff was arraigned on Docket 2014NY084840 in New York County Criminal Court.

6

42. The Criminal Court judge released Plaintiff on his own recognizance, ordered him to return to Court, and, upon request from the District Attorney, issued a full order of protection against Plaintiff to stay away from his wife and daughter.

43. During the course of the prosecution, during which Plaintiff had to make five court appearances, Plaintiff was required to live away from Apartment. When he was eventually allowed to see JWM, he could do so only under supervision.

44. On March 4, 2015, Plaintiff's Criminal Court case was dismissed pursuant to Criminal Procedure Law Section 30.30.

45. The NYPD failed to supervise and discipline the individual defendants despite their histories of malicious and mendacious behavior, ignoring the risk that they would engage in future misconduct, thereby encouraging them to continue to abuse their powers and violate the rights of civilians.

46. There is a systemic failure to identify, discipline, and supervise NYPD officers who fabricate charges, a failure so widespread, obvious, and tolerated as to constitute a custom and policy of Defendant City.

47. The NYPD's flaccid response to lying officers – particularly in the context of filing false charges – constitutes an irrational custom and policy that fosters a culture of mendacity in the NYPD.

48. Proportionate and appropriate discipline sends a message to NYPD officers that they are not above the law and are accountable to the people whom they serve. But when it comes to making false statements on court documents, NYPD officers almost never face discipline.

49. The Civilian Complaint Review Board ("CCRB") has no jurisdiction to investigate allegations of fabricated statements by NYPD officers in criminal court documents. Investigating, controlling, and punishing this type of wrongdoing is the responsibility of the NYPD.

50. The inadequacy of NYPD's supervision and discipline with respect to dishonesty in the filing of criminal charges is exacerbated by the pressure on police officers to meet arrest quotas, or "performance goals," which pressure officers to arrest people and file charges unlawfully, a pressure not tempered by adequate safeguards that ensure citizens are not wrongfully arrested and charged.

51. There is a gross deficiency in training NYPD officers on the First Amendment – the right of citizens to express themselves lawfully. Because of the poor training on freedom of expression, NYPD officers are unable to distinguish between protected speech and unprotected speech, between merely inconvenient forms of speech and illegal forms of speech, between lawful inquiries and unlawful threats.

52. As a direct and proximate cause of the said acts of the Defendants, Plaintiff suffered the following injuries and damages:

    a. Violation of his constitutional rights under the First and Fourth Amendments to the United States Constitution;

    b. Physical injury;

    c. Medical expenses;

    d. Severe emotional trauma, distress, degradation, and suffering.

## SECTION 1983 CLAIMS

### FIRST CLAIM

**Deprivation of Federal Civil Rights Under Section 1983**

53. Plaintiff realleges and reiterates all allegations set forth in the preceding paragraphs as if stated fully herein.

54. All of the aforementioned acts of Defendants, their agents, servants and employees, were carried out under the color of state law.

55. All of the aforementioned acts deprived Plaintiff of the rights guaranteed to citizens of the United States by the First and Fourth Amendment to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

56. The individual defendants acted willfully, knowingly, and with the specific intent to deprive Plaintiff of his constitutional rights secured by 42 U.S.C. § 1983, and by the First and Fourth Amendments of the United States Constitution.

57. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages and injuries hereinbefore alleged.

**SECOND CLAIM**

**False Arrest Under Section 1983**

58. Plaintiff realleges and reiterates all allegations set forth in the preceding paragraphs as if stated fully herein.

59. By the actions described above, Defendants deprived Plaintiff of his federal civil rights, including his Fourth Amendment right to be secure in his person against unreasonable searches and seizures, specifically his right to be free of false arrest.

60. As detailed above, the individual defendants intentionally arrested and detained Plaintiff without probable cause, without a warrant, without privilege or consent.

61. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages and injuries hereinbefore alleged.

### THIRD CLAIM

### Malicious Prosecution Under Section 1983

62. Plaintiff realleges and reiterates all allegations set forth in the preceding paragraphs as if stated fully herein.

63. By the actions described, the Defendants deprived Plaintiff of his Fourth Amendment right to be free of unreasonable or unwarranted restraints on personal liberty, specifically his right to be free from malicious prosecution.

64. Without probable cause, the individual defendants directly and actively initiated a criminal proceeding against Plaintiff, creating a fraudulent theory of guilt.

65. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages and injuries hereinbefore alleged.

### FOURTH CLAIM

### Excessive Force Under Section 1983

66. Plaintiff realleges and reiterates all allegations set forth in the preceding paragraphs as if stated fully herein.

67. By the actions described, the individual defendants deprived Plaintiff of his Fourth Amendment right to be free of unreasonable or unwarranted restraints on personal liberty, specifically his right to be free from excessive and unreasonable force.

68. As a direct and proximate result of the aforementioned conduct of the individual defendants, Plaintiff sustained the damages and injuries hereinbefore alleged.

### FIFTH CLAIM

### First Amendment Retaliation Under Section 1983

69. Plaintiff realleges and reiterates all allegations set forth in the preceding paragraphs as if stated fully herein.

70. By the actions described, the individual defendants retaliated against Plaintiff because he lawfully exercised his First Amendment right to free speech – arresting him for reasonably asserting his right to speak to his daughter, and for questioning their conduct. In doing so, the individual defendants chilled Plaintiff's exercise of his right to free speech.

71. As a direct and proximate result of the aforementioned conduct of the individual defendants, Plaintiff sustained the damages and injuries hereinbefore alleged.

### SIXTH CLAIM

### Failure to Intervene Under Section 1983

72. Plaintiff realleges and reiterates all allegations set forth in the preceding paragraphs as if stated fully herein.

73. Each and every individual defendant had an affirmative duty to intervene on Plaintiff's behalf to prevent the violation of his constitutional rights by other law enforcement officers.

74. The individual defendants failed to intervene on Plaintiff's behalf to prevent, end, or truthfully report the violations of his constitutional rights despite knowing about such violations and having had a realistic opportunity to do so.

75. As a direct and proximate result of the aforementioned conduct of the individual defendants, Plaintiff sustained the damages and injuries hereinbefore alleged.

### SEVENTH CLAIM

**Municipal Liability Under Section 1983**

76. Plaintiff realleges and reiterates all allegations set forth in the preceding paragraphs as if stated fully herein.

77. By the actions described, the Defendant City deprived Plaintiff of his Fourth Amendment right to be free of false arrest and malicious prosecution through its failure to train, supervise, and discipline mendacious and malicious officers; through its fostering a culture of abuse and dishonesty among those who wield considerable power over the lives of everyday citizens; and through its failure to train officers on the First Amendment.

78. As a direct and proximate result of the acts of Defendant City, Plaintiff sustained the other damages and injuries hereinbefore alleged.

**PENDENT STATE CLAIMS**

**FIRST CLAIM**

**False Imprisonment under N.Y. State Law**

79. Plaintiff realleges and reiterates all allegations set forth in the preceding paragraphs as if stated fully herein.

80. The individual defendants intentionally arrested and detained Plaintiff without probable cause, without a warrant, and without privilege or consent.

81. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages and injuries hereinbefore alleged.

**SECOND CLAIM**

**Malicious Prosecution Under N.Y. State Law**

82. Plaintiff realleges and reiterates all allegations set forth in the preceding paragraphs as if stated fully herein.

83. As detailed above, the individual defendants intentionally and with actual malice initiated a felony prosecution against Plaintiff without probable cause. The prosecution terminated in Plaintiff's favor when all charges against him were dismissed.

84. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages and injuries hereinbefore alleged .

### THIRD CLAIM

### Battery Under N.Y. State Law

85. Plaintiff realleges and reiterates all allegations set forth in the preceding paragraphs as if stated fully herein.

86. As detailed above, the individual defendants intentionally touched Plaintiff in an offensive and harmful manner, and they intentionally subjected him to offensive and harmful contact.

87. As a direct and proximate result, Plaintiff sustained the damages and injuries hereinbefore alleged.

### FOURTH CLAIM

**Negligent Hiring/Training/Retention of Employment Services Under N.Y. State Law (Against Defendant City of New York)**

88. Plaintiff realleges and reiterates all allegations set forth in the preceding paragraphs as if stated fully herein.

89. Defendant City owed a duty of care to Plaintiff to prevent the false arrest, malicious prosecution, and mental and emotional abuse sustained by Plaintiff.

90. Upon information and belief, all of the individual defendants were unfit and incompetent for their positions.

91. Defendant City knew or should have known through the exercise of reasonable diligence that the individual defendants could potentially cause harm.

92. Defendant City's negligence in hiring, screening, training, disciplining and retaining the individual defendants proximately caused Plaintiff's injuries.

93. As a result of its negligent conduct, Defendant City has directly and proximately caused the damages and injuries hereinbefore alleged.

## FIFTH CLAIM

### Respondeat Superior Under N.Y. State Law

94. Plaintiff realleges and reiterates all allegations set forth in the preceding paragraphs as if stated fully herein.

95. Defendant City is the employer of the individual defendants.

96. Under the doctrine of *respondeat superior*, the Defendant City is responsible for the wrongdoing of its employees acting within the scope of their employment – in this case, the false imprisonment, malicious prosecution, and excessive force committed by the individual defendants against Plaintiff.

97. As a direct and proximate result of the acts of the individual defendants detailed above, Plaintiff sustained the damages and injuries hereinbefore alleged.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands the following relief jointly and severally against the Defendants:

    a.      An order awarding compensatory damages for Plaintiff Bernard Worthy in an amount to be determined at trial;

    b.      An order awarding punitive damages in an amount to be determined at trial;

    c.      A court order, pursuant to 42 U.S.C. § 1988, that Plaintiff is entitled to reasonable attorney's fees, costs and disbursements; and

    d.      Such other and further relief as this Court may deem appropriate.


DATED:    June 24, 2016               _____s/_____
               New York, New York      CYRUS JOUBIN, ESQ.
                                                       43 West 43rd Street, Suite 119
                                                        New York, NY 10036
                                                        (703) 851-2467
                                                        joubinlaw@gmail.com
                                                         Attorney for Bernard Worthy