UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
BERNARD WORTHY,                                             **THIRD AMENDED COMPLAINT**

                                                            **16 cv 1451 (ALC) (RLE)**

                                                            **ECF Case**

                Plaintiff,

      vs.

POLICE OFFICERS
CHRISTOPHER VILLANUEVA,
MICHAEL ORAPOLLO,
PAUL BLISS, and EUGENE DURANTE,
in their individual and official capacities,
                                                            **JURY TRIAL DEMANDED**

                Defendants.
------------------------------------------------------------x

Plaintiff Bernard Worthy, by his attorney, Cyrus Joubin, complaining of the Defendants, respectfully alleges as follows:

## PRELIMINARY STATEMENT

1. This civil rights action arises from the First Amendment retaliation and excessive force against Bernard Worthy ("Plaintiff") after he tried speaking to his daughter in the presence of police officers. Plaintiff asserts constitutional claims pursuant to 42 U.S.C. § 1983 ("Section 1983") against the individual defendants for First Amendment retaliation, excessive force, denial of the right to a fair trial, and failure to intervene. Plaintiff seeks compensatory and punitive damages, costs, disbursements, and attorney's fees pursuant to applicable state and federal civil rights law.

## JURISDICTION

2. This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 and

the First and Fourth Amendments to the United States Constitution.  Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331, 1343 (a)(3) and (4), this being an action seeking redress for the violation of Plaintiff's constitutional and civil rights.

## VENUE

3.   Venue is proper in the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1391(b) because the acts complained of occurred in this district.

## JURY DEMAND

4.   Plaintiff respectfully demands a trial by jury on each and every one of his claims as pled herein, pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

5.   Plaintiff Bernard Worthy is a 36-year-old African-American male, with no criminal record; he is a United States citizen, and a resident of Manhattan.

6.   The individually named defendants Police Officer Christopher Villanueva (Shield # 9927) ("PO Villanueva"), Police Officer Michael Orapollo (Shield # 11203) ("PO Orapollo"), Police Officer Paul Bliss (Shield #11362) ("PO Bliss"), and Police Officer Eugene Durante (Shield #26702) ("PO Durante") (collectively, the "individual defendants") are and were at all times relevant herein officers, employees and agents of the New York City Police Department ("NYPD").

7.   On the date of the incident giving rise to this complaint, the individual defendants were assigned to the 25th Precinct.

8. Each individual defendant is sued in his individual and official capacity. At all times mentioned herein, each individual defendant acted under the color of state law, in the capacity of an officer, employee, and agent of City of New York ("City").

## STATEMENT OF FACTS

9. On the evening of November 10, 2014, Plaintiff was at home with his wife, Jana Merkel ("Ms. Merkel"), and their seven-year-old daughter, JWM, inside their apartment ("the Apartment") at 2200 Madison Avenue in Harlem, New York City.

10. That evening, after coming home from work, Plaintiff had a verbal argument with Ms. Merkel, who called 911 and claimed that Plaintiff had broken her cell phone.

11. Around 8 PM, about fifteen minutes after the phone call to the police, two uniformed NYPD officers – PO Orapollo and PO Villanueva – came to the Apartment.

12. Plaintiff opened the door for them and spoke to them in a calm and reasonable manner.

13. After speaking to Plaintiff and Ms. Merkel, PO Orapollo and PO Villanueva ordered Plaintiff to "take a walk around the block," so that the argument could cool down, and Plaintiff agreed to do so.

14. Plaintiff gathered some possessions and as he was about to leave the Apartment, JWM came into the living room – where PO Orapollo and PO Villanueva and Plaintiff were standing – to ask where her father was going.

15. Plaintiff said, "Daddy's going for a walk," and he tried to mollify the frightened girl, assuring her that he would soon be returning to the Apartment.

16. Plaintiff felt it was his duty as a father to explain this to his daughter so that she would not panic when he left.

17. PO Orapollo and PO Villanueva told Plaintiff to leave the Apartment right away, not to interact with his child, but Plaintiff responded, "You can clearly see I'm just talking to my child," and he continued talking to JWM.

18. Because Plaintiff asserted himself in this way, the officers grabbed Plaintiff to arrest him and force him out of the Apartment, telling him that if he spoke again they would "mace" him.

19. Plaintiff, utterly confused by the officers' treatment, asked why he was being arrested, insisting he had done nothing wrong.

20. Then, without provocation, PO Villanueva and PO Orapollo pushed Plaintiff out of the Apartment and began spraying Plaintiff in his face with pepper spray, spraying it into Plaintiff's eyes, nose, mouth, in a continuous and voluminous stream.

21. As a result, Plaintiff gagged and choked, screamed and cried in pain.

22. Pushed into the hallway, Plaintiff was tackled by PO Villanueva and PO Orapollo and slammed into the ground, feeling blows to his body and face, one of which cut Plaintiff's lip.

23. The entire Apartment and hallway were filled with the pepper spray, and Plaintiff could hear his wife and daughter coughing.  Fresh blood from Plaintiff's lips could be found on the hallway walls.

24. Several additional officers – including PO Bliss and PO Durante – joined PO Villanueva and PO Orapollo in grabbing, striking, and piling on top of Plaintiff inside the hallway.

25. The individual defendants handcuffed Plaintiff, and Plaintiff passed out in the hallway.

26. Plaintiff's neighbors opened their doors to see what was going on. The individual defendants screamed at them, "Get the fuck back in!"

27. Ms. Merkel went into the hallway, horrified, and said, "This isn't what I asked for," to which the officers responded, "This is what you wanted!"

28. Plaintiff was taken in an ambulance to Harlem Hospital, where he regained consciousness handcuffed to a hospital bed.

29. Because of his rough treatment at the hands of the individual defendants, Plaintiff suffered a split lip and swelling on his arms and legs.

30. Lacking health insurance, Plaintiff incurred about $1,000 of medical bills ($707 for the ambulance alone), the repayment of which he has not been able to afford.

31. After treatment at Harlem Hospital, Plaintiff was transported to the 25th Precinct, at 120 East 119th Street in Manhattan, where he was booked and processed, fingerprinted and photographed.

32. Plaintiff was then taken to Central Booking in lower Manhattan, where he was told that there no were charges ready to be filed and that he was required to go to Bellevue Hospital ("Bellevue").

33. Plaintiff was subsequently taken to Bellevue because the individual defendants falsely claimed that he was mentally disturbed, a fabrication intended to justify their violent treatment of him.

34. At Bellevue, Plaintiff was evaluated and released shortly thereafter.  He was subsequently taken to Central Booking again.

35. While Plaintiff was in police custody, the individual defendants concocted criminal charges against Plaintiff, specifically the bogus story that Plaintiff used his daughter as a human shield to resist arrest.

36. The individual defendants submitted the false criminal charges to the Manhattan District Attorney's office, which in turn charged Plaintiff with various misdemeanor offenses, including Endangering the Welfare of a Child, Criminal Mischief, Resisting Arrest, and Harassment.

37. On November 11, 2014, Plaintiff was arraigned on Docket 2014NY084840 in New York County Criminal Court.

38. The Criminal Court Complaint (the "Complaint"), sworn to by PO Villanueva, contained the false and fabricated allegation that Plaintiff used his daughter as a human shield.  Specifically, the Complaint stated, in relevant part:  "When I [PO Villanueva] attempted to place the defendant [Plaintiff] under arrest for damaging Ms. Merkel's phone, I observed the defendant place a young girl [JWM] in between himself and me, in an attempt to avoid being arrested."

39. The Criminal Court judge released Plaintiff on his own recognizance, ordered him to return to Court, and, upon request from the District Attorney, issued a

full order of protection against Plaintiff to stay away from his wife and daughter.

40. During the course of the prosecution, during which Plaintiff had to make five court appearances, Plaintiff was required to live away from Apartment. When he was eventually allowed to see JWM, he could do so only under supervision.

41. On March 4, 2015, Plaintiff's Criminal Court case was dismissed pursuant to Criminal Procedure Law Section 30.30.

42. As a direct and proximate cause of the said acts of the Defendants, Plaintiff suffered the following injuries and damages:

   a. Violation of his constitutional rights under the First and Fourth Amendments to the United States Constitution;

   b. Physical injury;

   c. Medical expenses;

   d. Severe emotional trauma, distress, degradation, and suffering.

## SECTION 1983 CLAIMS

## FIRST CLAIM

### Deprivation of Federal Civil Rights Under Section 1983

43. Plaintiff realleges and reiterates all allegations set forth in the preceding paragraphs as if stated fully herein.

44. All of the aforementioned acts of Defendants, their agents, servants and employees, were carried out under the color of state law.

45. All of the aforementioned acts deprived Plaintiff of the rights guaranteed to citizens of the United States by the First and Fourth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

46. The individual defendants acted willfully, knowingly, and with the specific intent to deprive Plaintiff of his constitutional rights secured by 42 U.S.C. § 1983, and by the First and Fourth Amendments of the United States Constitution.

47. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages and injuries hereinbefore alleged.

## SECOND CLAIM

### Excessive Force Under Section 1983

48.  Plaintiff realleges and reiterates all allegations set forth in the preceding paragraphs as if stated fully herein.

49. By the actions described, the individual defendants deprived Plaintiff of his Fourth Amendment right to be free of unreasonable or unwarranted restraints on personal liberty, specifically his right to be free from excessive and unreasonable force.

50. As a direct and proximate result of the aforementioned conduct of the individual defendants, Plaintiff sustained the damages and injuries hereinbefore alleged.

## THIRD CLAIM

### First Amendment Retaliation Under Section 1983

51. Plaintiff realleges and reiterates all allegations set forth in the preceding paragraphs as if stated fully herein.

52. By the actions described, the individual defendants retaliated against Plaintiff because he lawfully exercised his First Amendment right to free speech – violently arresting him for reasonably asserting his right to speak to his daughter, and for questioning their conduct.

53. As a direct and proximate result of the aforementioned conduct of the individual defendants, Plaintiff sustained the damages and injuries hereinbefore alleged.

## FOURTH CLAIM

### Denial of the Right to a Fair Trial

54. Plaintiff realleges and reiterates all allegations set forth in the preceding paragraphs as if stated fully herein

55. By the actions described, the Defendants deprived Plaintiff of his right to a fair trial.

56. The individual defendants fabricated allegations likely to influence a jury's decision and forwarded that information to the Manhattan District Attorney's Office.

57. As a direct and proximate result of the aforementioned conduct of the individual defendants, Plaintiff sustained the damages and injuries hereinbefore alleged.

## FIFTH CLAIM

### Failure to Intervene Under Section 1983

58. Plaintiff realleges and reiterates all allegations set forth in the preceding paragraphs as if stated fully herein.

59. Each and every individual defendant had an affirmative duty to intervene on Plaintiff's behalf to prevent the violation of his constitutional rights by other law enforcement officers.

60. The individual defendants failed to intervene on Plaintiff's behalf to prevent, end, or truthfully report the violations of his constitutional rights despite knowing about such violations and having had a realistic opportunity to do so.

61. As a direct and proximate result of the aforementioned conduct of the individual defendants, Plaintiff sustained the damages and injuries hereinbefore alleged.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands the following relief jointly and severally against the Defendants:

a. An order awarding compensatory damages for Plaintiff Bernard Worthy in an amount to be determined at trial;

b. An order awarding punitive damages in an amount to be determined at trial;

c. A court order, pursuant to 42 U.S.C. § 1988, that Plaintiff is entitled to reasonable attorney's fees, costs and disbursements; and

d. Such other and further relief as this Court may deem appropriate.

DATED:     December 19, 2016                    _____/s/_____

|  |  |
|---|---|
| New York, New York | CYRUS JOUBIN, ESQ.<br>43 West 43rd Street, Suite 119<br>New York, NY 10036<br>(703) 851-2467<br>joubinlaw@gmail.com<br>Attorney for Bernard Worthy |